(No. 16147.—Cause transferred.)
EDWARD S. DEEGAN, Appellant, *vs.* MARTIN O. HECKARD
*et al.* Appellees.

*Opinion filed October 28, 1924.*

1. FREEHOLD—*what determines whether bill to remove cloud involves freehold.* Whether a bill to remove a cloud from the title to real estate involves a freehold depends upon the nature of the alleged cloud.

2. SAME—*when bill to remove deed as cloud involves freehold.* A freehold is involved where a bill is filed to remove as a cloud a deed purporting to convey a freehold estate.

3. SAME—*bill to remove restrictive building covenant does not involve freehold.* A bill which seeks to remove as a cloud a restrictive building covenant which limits the use of the real estate for a term of years does not involve a freehold where the complainant's title is not questioned, although the restriction may be of such a nature as to cloud the title.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

WILLIAM FRIEDMAN, (JOHN S. STEVENS, of counsel,) for appellant.

TENNEY, HARDING, SHERMAN & ROGERS, (HENRY F. TENNEY, and JOHN E. O'HORA, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

March 29, 1909, appellees, Martin O. and Leonora P. Heckard, acquired title by warranty deeds to four lots in block 2, Cochran's Third addition to Edgewater, in the city of Chicago. Each of the deeds contained restrictions by which the grantees covenanted not to erect upon the lots any building within twenty-five feet of the front street line, or any building costing less than $3000, or any flat or tenement building, for a period of twenty years from the date of said deeds, without the written consent of the grantors.

Thereafter appellant, Edward S. Deegan, acquired title to these lots by deeds from appellees. The bill alleges and the answer of appellees admits that appellant is the owner in fee of the four lots, subject to the building restrictions of record. Appellant filed his bill in the superior court of Cook county asking that these building restrictions limiting the use of his lots be extinguished and removed as clouds on his title on the ground that the covenants are personal and ceased on the death of the original grantors; that the restrictions imposed on the lots are not common to other lots in the block or subdivision; that they were not imposed in accordance with any general plan, and that the restrictions have been released from other lots in the block and subdivision by lapse of time. The chancellor sustained exceptions to the master's report and dismissed the bill for want of equity. This appeal followed.

Counsel for appellant do not suggest why the appeal is prosecuted to this court nor do we find any assignment of error that gives this court jurisdiction to entertain the appeal. We assume the appeal was prosecuted to this court on the theory that a freehold is involved. Whether the bill to remove a cloud from title to real estate involves a freehold depends upon the nature of the alleged cloud. If the bill is to remove as a cloud a deed purporting to convey a freehold estate a freehold is involved, but a bill which seeks to remove as a cloud a restrictive building covenant which limits the use of the real estate for a term of years does not involve a freehold although it may be of such a nature as to cloud the title. In this case the title to the freehold was not put in issue in any manner by the pleadings. All parties agree that the fee is in appellant, and appellees claim no right except the right to enforce the agreement entered into at the time the lots were conveyed, in 1909. The identical restrictive covenants were before this court in *VanSant v. Rose,* 260 Ill. 401, and this court there reviewed the record by writ of *certiorari.*

There being no assignment of error giving this court jurisdiction of this appeal, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*